UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANNY HENDERLIGHT, J. WILL SHOFFNER, VIVIAN E. HAYES, MARILYN HALCOMB, GLEN CARMON, HELEN MONGER, and CLIFFORD LIFORD, <br><br>Plaintiffs, <br><br>v. <br><br>JOE L. LAY, JR., F. EDWIN LAY, JR., and KENNETH LAY, <br><br>Defendants. <br>_____ <br><br>JOE E. LAY, JR., <br><br>Third-Party Plaintiff, <br><br>v. <br><br>HAMILTON FAIRFIELD, INC., WILLIS ADMINISTRATIVE SERVICES CORPORATION, <br><br>Third-Party Defendants. | No. 3:03-CV-101 <br>(Varlan/Shirley) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 70] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Third-Party Plaintiff Joe L. Lay, Jr.'s Motion to Compel Discovery Responses from Third-Party Defendant Willis Administrative Services Corporation [Doc. 68].

Third-Party Plaintiff Joe L. Lay, Jr. moves the Court for an Order compelling Third-Party Defendant Willis Administrative Services Corporation ("WASC") to respond to the Interrogatories and Requests for Production of Documents served on February 18, 2004. For grounds, Lay argues that counsel for the parties had agreed upon documents and information to produced by WASC, but that such agreement has failed. Lay further argues that WASC has not produced and now declines to produce any documents or information in response to the discovery requests; that WASC has never served formal responses to the discovery requests; and that WASC has never sought a protective order in connection with such requests. [Doc. 68].

WASC opposes Lay's motion, arguing that the motion should be stricken for failure to comply with the Local Rule that requires a brief to accompany any motion. Alternatively, WASC argues that the motion is premature because WASC has no obligation to respond to the instant discovery unless and until (1) WASC is determined to be a proper party in the case; (2) a Rule 26(f) conference is convened; and (3) a scheduling order is entered. [Doc. 71].

This case was originally filed in February, 2003. In December, 2003, WASC was brought in as third-party defendant. In February, 2004, WASC filed a motion to dismiss. However, no decision on the merits was made at that time because the other third-party defendant, Hamilton Fairfield, Inc., filed for bankruptcy protection. The District Court entered an Order staying the case and denying WASC's motion to dismiss without prejudice in September, 2004. [Doc. 46].

The District Court entered an Order lifting the stay in December, 2005. [Doc. 53]. In January, 2006, the District Court held a status conference, at which time the Court directed WASC to re-file its motion to dismiss. WASC did so, and oral argument has been scheduled for May 30, 2006, at which time a new trial date will be set and other scheduling deadlines addressed.

2

The Court agrees with WASC that the present motion to compel is premature. The parties have not yet held a Rule 26(f) conference to address the Third-Party Complaint. Consequently, WASC has no obligation to respond to the instant discovery until such conference is convened. See Fed. R. Civ. P. 26(d).

Accordingly, Third-Party Plaintiff Joe L. Lay, Jr.'s Motion to Compel Discovery Responses from Third-Party Defendant Willis Administrative Services Corporation [Doc. 68] is **DENIED** at this time.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge