UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DANNY HENDERLIGHT, J. WILL SHOFFNER, VIVIAN E. HAYES, MARILYN HALCOMB, GLEN CARMON, HELEN MONGER, and CLIFFORD LIFORD, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:03-CV-101 (VARLAN/SHIRLEY) |
| JOE L. LAY, JR., F. EDWIN LAY, JR., and KENNETH LAY, | ) ) ) | |
| Defendants, | ) | |
| JOE L. LAY, JR., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| WILLIS ADMINISTRATIVE SERVICES CORPORATION, | ) ) ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court for consideration of four motions. First, defendant Joe Lay has filed a motion to dismiss the complaint [Doc. 55] pursuant to Fed. R. Civ. P. 12(b)(6). Second, defendants Edwin Lay and Kenneth Lay jointly have filed a motion to dismiss the complaint [Doc. 62] with the same general grounds as those advanced by defendant Joe Lay. Third, plaintiffs have filed a motion to amend the complaint [Doc. 57].

Finally, third-party defendant Willis Administrative Services has filed a motion to dismiss the third-party complaint [Doc. 60] pursuant Fed. R. Civ. P. 12(b)(6). The Court has heard oral argument on the motions, *see* Doc. 75, and they are now ripe for disposition.

For the reasons discussed herein, the Court will grant the motion to amend the complaint. The Court will also grant in part the motions to dismiss the complaint. Finally, the Court will deny the motion to dismiss the third-party complaint.

**I.      Motion to Amend the Complaint**

Plaintiffs seek to amend the complaint to clarify five issues. *See* Doc. 58. First, plaintiffs seek to include a reference to 29 U.S.C. § 1132(a)(3) in the complaint to clarify that this action is brought pursuant to that provision in addition to §§ 1132(a)(1) and (a)(2). Second, plaintiffs seek to include language specifying that plaintiffs seek relief on behalf of the plan pursuant to 29 U.S.C. § 1132(a)(2). Third, plaintiffs seek to add specific claims for equitable and remedial relief pursuant to 29 U.S.C. § 1132(a)(3). Fourth, plaintiffs seek to withdraw their jury demand. Finally, plaintiffs seek to withdraw their demand for punitive damages.

Only defendant Joe Lay has responded to the motion. *See* Doc. 59. He does not oppose plaintiffs' proposed withdrawal of the demands for a jury and punitive damages. Defendant Joe Lay opposes plaintiffs' other proposed amendments on the ground that they would result in unfair prejudice by changing the nature of the action. In the alternative, he contends that the proposed amendments should not relate back to the filing of the complaint, and therefore, they should be barred by the statute of limitations.

After a responsive pleading has been filed, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed R. Civ. P. 15(a). A district court may deny leave to amend only in instances where the amendment would be futile, the movant has acted in bad faith or has repeatedly failed to cure deficiencies by prior amendments, the opposing party would be subjected to unfair prejudice, or the movant has unduly delayed seeking the amendment. *See Foman v. Davis*, 371 U.S. 178 (1962). The purpose of such a liberal policy favoring leave to amend pleadings is to reinforce the basic principle that cases should be tried on their merits instead of the technicalities of pleadings. *See Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (citations omitted).

Defendant Joe Lay's argument of unfair prejudice is unavailing here. While he characterizes plaintiffs' proposed amendments as changing the nature of the instant action, plaintiffs' proposed amendments actually clarify claims already alleged in the complaint. Including a citation to §1132(a)(3), which allows a party to seek an injunction or other equitable relief, does not change the nature of the action since plaintiffs had already sought "such other and further appropriate" relief in their original complaint; instead, it merely states the statutory authority for plaintiffs' requested relief. *Compare* Doc. 1 at ¶ g *with* Doc. 57-2 at ¶ 34. Relatedly, plaintiffs' proposed amendment specifying claims for equitable and remedial relief merely clarifies what "other and further appropriate" relief plaintiffs seek. *Compare* Doc. 1 at ¶ g *with* Doc. 57-2 at ¶ g. Finally, plaintiffs request to add language specifying that plaintiffs advance their claims on behalf of themselves and the plan merely

3

states what was implied by plaintiffs' repeated references to defendants' duties to the plan and citation to § 1132(a)(2) in their original complaint. *Compare* Doc. 1 at ¶¶ 18, 24, 34 *with* Doc. 57-2 at 2.

Defendant Joe Lay's argument that the proposed amendments should not relate back to the filing of the original complaint is also unavailing. An amendment to a pleading relates back to the date of the original pleading when the proposed amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Fed. R. Civ. P. 15(c)(2). As the Court explained, plaintiffs' proposed amendments seek to clarify allegations contained within their original complaint, which is just the circumstance contemplated by Rule 15(c)(2).

Accordingly, plaintiffs' motion to amend the complaint will be granted, and plaintiffs' amendment will relate back to the filing of the original complaint.

## II. Motions to Dismiss

Defendants and third-party defendant have filed three motions to dismiss for failure to state a claim for which relief may be granted. *See* Docs. 55, 60, 62. First, the Court will review the relevant facts and the standard of review. Then the Court will consider defendants' motions to dismiss the complaint followed by third-party defendant's motion to dismiss the third-party complaint.

4

A.  Relevant Facts[1]

Seven former employees of Lay Packing Company, Inc. who are participants in Lay Packing's self-funded health benefit plan, claim that defendants, three former officers of Lay Packing and plan fiduciaries, breached their fiduciary duties pursuant to 29 U.S.C. §§ 1132(a)(1)(B), (a)(2), and (a)(3). *See* Doc. 57-2. Specifically, plaintiffs assert that defendants failed to adequately fund the plan, diverted to other uses employee contributions to the plan, and falsely assured plaintiffs that their medical expenses would be paid. As a result of these alleged breaches of fiduciary duty, plaintiffs have medical expenses that have not been paid.

Defendants admit that Lay Packing was the administrator of the plan but deny that they were fiduciaries of the plan. Defendant Joe Lay, former president of Lay Packing, has filed a third-party complaint against Willis Administrative Services Corporation, an entity that provided certain services to Lay Packing relating to the management, processing, and payment of claims under the plan. *See* Doc. 14. Joe Lay seeks indemnity and/or contribution from Willis for any amount plaintiffs recover against him in this action to the extent his liability is based upon Willis's failure to provide notice of claims, its failure to properly process or adjust claims, and its failure to disburse payment for the claims.

---

[1] The relevant facts are drawn from plaintiffs' amended complaint and third-party plaintiff's third-party complaint. They are construed in the light most favorable to plaintiffs and third-party plaintiff for purposes of the motions to dismiss addressed herein. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000).

B. <u>Standard of Review</u>

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) *cited in Buchanan v. Apfel*, 249 F.3d 485, 489 (6th Cir. 2001). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

C. <u>The Complaint</u>

Defendants seek dismissal of the complaint because they argue that plaintiffs have failed to state claims for which relief may be granted. *See* Docs. 55, 62. Defendants argue that plaintiffs allege a claim pursuant to 29 U.S.C. § 1132(a)(1)(B), but have failed to name the plan as a defendant. Defendants also argue that plaintiffs have alleged a claim pursuant to § 1132(a)(2), but have failed bring this action on behalf of the plan. Finally, defendants

argue that plaintiffs have alleged a claim pursuant to § 1132(a)(3), but seek compensatory and punitive damages instead of the authorized equitable relief.

In light of the Court's disposition of plaintiffs' motion to amend the complaint, defendants' arguments related to plaintiffs' claims pursuant to §§ 1132(a)(2) and (a)(3) will be moot. With regard to plaintiffs' § 1132(a)(2) claim, plaintiffs' amended complaint clarifies that plaintiffs have brought this action for themselves and on behalf of the plan. *See* Doc. 57-2 at 2. With regard to plaintiffs' § 1132(a)(3) claim, plaintiffs' amended complaint withdraws their request for punitive damages and clarifies their request equitable relief.

Thus, the Court need only consider defendants' arguments regarding plaintiffs' claim pursuant to § 1132(a)(1)(B). Such a claim is appropriate "to recover benefits due [] under the terms of [the] plan, to enforce [] rights under the terms of the plan, or to clarify [] rights to future benefits under the terms of the plan . . . ." § 1132(a)(1)(B). Consequently, the claim must be brought against the plan itself. *See Riordan v. Commonwealth Edison Co.*, 953 F.Supp. 952 (N.D. Ill. 1996), *aff'd*, 128 F.3d 549 (7th Cir. 1997); *Auto Club Ins. Assoc. v. Safeco Life Ins. Co.*, 833 F.Supp. 637 (W.D. Mich. 1993).

In the instant action, plaintiff has not named the plan as a defendant nor has plaintiff sought leave to amend the complaint to name the plan as a defendant. Furthermore, the gravamen of plaintiffs' amended complaint is a breach of fiduciary duty, not the recovery of benefits, the enforcement of rights to benefits, or the clarification of rights to benefits. Thus, there is an insurmountable bar on the face of the complaint preventing recovery based on plaintiffs' § 1132(a)(1)(B) claim.

Accordingly, defendants' motions to dismiss will be granted in part and plaintiffs' § 1132(a)(1)(B) claim will be dismissed. Plaintiffs' §§ 1132(a)(2) and (a)(3) claims will not be dismissed.

D. <u>The Third-Party Complaint</u>

Third-party defendant seeks dismissal of the third-party complaint because it argues that third-party plaintiff has failed to state a claim for which relief may be granted. *See* Doc. 60. Third-party defendant advances three arguments in favor of dismissal. First, third-party defendant contends that third-party plaintiff has no right to indemnity from third-party defendant because there is no right to contribution by a fiduciary from either a non-fiduciary or co-fiduciary. Second, third-party defendant contends that the third-party complaint fails to allege any actual wrongdoing by third-party defendant. Finally, third-party defendant argues that the third-party complaint should be dismissed because the underlying complaint fails to state a claim.

As an initial matter, the Court will dispose of third-party defendant's argument regarding the underlying complaint. The Court has already explained that plaintiffs' amended complaint will not be dismissed for failure to state a claim, although one claim will be dismissed. Thus, third-party defendant's argument that the third-party complaint fails to state a claim because the underlying complaint fails to state a claim is without merit.

Turning to third-party defendant's argument with regard to the sufficiency of the third-party complaint, third-party defendant argues that third-party plaintiff fails to specify any alleged wrongdoing and does not allege any basis for believing third-party defendant

engaged in any wrongdoing. As a consequence, the third-party complaint does not create a justiciable controversy under the U.S. Constitution. Third-party plaintiff responds that the third-party complaint complies with Rule 8 because it alleges that certain failures by third-party defendant led to the alleged breach, if any, of third-party plaintiff's fiduciary duties. *See* Doc. 66 at 4-6. In addition, third-party plaintiff argues third-party defendant has failed to produce documents that would allow more specific allegations.

To satisfy the Constitution, a controversy "must be definite and concrete, touching the legal relations of parties having adverse interest. It must be a real and substantial controversy admitting of specific relief, through a degree of conclusive character, as distinguished from what the law would be under a hypothetical state of facts." *Sprague Farms v. Providian Corp.*, 929 F.Supp. 1125, 1130-31 (C.D. Ill. 1996) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

Accordingly, Rule 8 requires that a party set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may "set forth two or more statements of a claim or defense alternatively or hypothetically," subject to the constraints of Rule 11. Fed R. Civ. P. 8(e)(2). *See also Taiyo Trading Co. v. N. Trading Corp.*, 1 F.R.D. 382, 383 (S.D.N.Y. 1940) (citing Fed. R. Civ. P. 8(e)(2)).

Rule 11 requires that "allegations and other factual contentions [must] have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The Advisory Committee, however, notes that this does not create "a license to

9

join parties, make claims, or present defenses without any factual basis or justification." Fed R. Civ. P. 11, Advisory Committee Note 1993. *See also Sprague Farms v. Providian Corp.*, 929 F.Supp. 1125, 1130-31 (C.D. Ill. 1996).

On the other hand, under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it, and may contain either direct or inferential allegations as to all the material elements to sustain a recovery under some viable legal theory. *See Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 86 Fed.Appx. 137 (6th Cir. 2004) (unpublished decision) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)) (unpublished decision); Perry v. UPS, 90 Fed.Appx. 860 (6th Cir. 2004) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

The third-party complaint satisfies Rules 8 and 11, as well as the Constitution, because it clearly provided third-party defendant with notice of the claims against it as well as the basis of those claims. Third-party plaintiff's pleading a claim against third-party defendant that is conditioned on a specific finding of liability against third-party plaintiff does not run afoul of Rule 8, especially since third-party plaintiff alleges facts in support of the conditional claim. In accordance with Rule 11, third-party plaintiff clearly identified which allegations were based "upon information and belief." *See, e.g.*, Doc. 14 at ¶ 11-13. The third-party complaint unambiguously alleges that third-party defendant may be liable for failing to provide notice, processing, or disbursement of claims. *Id*. at ¶ 36. Thus, viewing the facts in the light most favorable to third-party plaintiff, third-party defendant simply has

10

not demonstrated that third-party plaintiff has made hypothetical allegations that lack any factual basis or justification.

Finally, the Court turns to third-party defendant's argument that third-party plaintiff has failed to state a claim for which relief may be granted because there is no right to indemnity under ERISA. There are two lines of cases, neither of which clearly resolves whether there is such a right. In one line of cases, courts have considered whether there is a right to contribution from a non-fiduciary that is liable for a fiduciary's breach of fiduciary duty. *Compare Glaziers & Glassworkers v. Newbridge*, 823 F.Supp. 1191 (E.D. Pa. 1993) *with McDannold v. Star Bank*, 261 F.3d 478 (6th Cir. 2001). In the other line of cases, courts have considered whether such a right exists among co-fiduciaries. *See May v. Nat'l Bank of Commerce*, 390 F.Supp.2d 674 (W.D. Tenn. 2004).

Considering the non-fiduciary line of cases first, there is very little law, but a right to contribution or indemnification from a non-fiduciary *may* not exist under ERISA. *See Newbridge*, 823 F.Supp. at 1193-96 (collecting cases). On the other hand, the Sixth Circuit has discussed the question without deciding it, and has suggested that a right to contribution from a non-fiduciary *could* only exist if the non-fiduciary shares common liability with the fiduciary in a direct suit by participants. *See McDannold*, 261 F.3d at 486. The *McDannold* court's suggestion was based upon its reading of the U.S. Supreme Court's decision in *Harris Trust*, which said that a cause of action by a participant against a non-fiduciary exists where the non-fiduciary knowingly participates in a prohibited transaction. *Id.* at 486 (citing *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000); *Mertens v. Hewitt*

11

*Assoc.*, 508 U.S. 248, 255 (1993)). The *McDannold* court noted the narrow reach of *Harris Trust*, which limited recovery to equitable relief, required knowing participation by the non-fiduciary, and required the non-fiduciary to be a party-in-interest to the prohibited transaction. *See McDannold*, 261 F.3d at 486 (citations omitted). After this discussion, however, the *McDannold* court remanded the issue, without deciding it, to the district court to more fully develop the record. *See id.* at 487.

Turning to the co-fiduciary line of cases, the law in the Sixth Circuit is only slightly clearer in suggesting that contribution *probably* is not available from a co-fiduciaries in favor of a party that has breached its fiduciary duties to an ERISA plan. *See May*, 390 F.Supp.2d at 677; *Roberts v. Taussig*, 39 F.Supp.2d 1010, 1012-13 (N.D. Ohio 1999); *Williams v. Provident Inv. Counsel, Inc.*, 279 F.Supp.2d 894, 898 (N.D. Ohio 2003). On the other hand, the Sixth Circuit has not addressed the issue directly, and other circuits are split. *See May*, 390 F.Supp.2d at 676. *Compare Chemung Coal Trust Co. v. Sovan Bank/Maryland*, 939 F.2d 12 (2d Cir. 1991) (recognizing right of contribution among co-fiduciaries in ERISA action) *with Kim v. Fujikawa*, 871 F.2d 1427, 1432-33 (9th Cir. 1989) (concluding ERISA does not permit breaching fiduciary to claim right of contribution from co-fiduciary). *See also Free v. Briody*, 732 F.2d 1331, 1336-38 (7th Cir. 1984) (holding fiduciary may make claim for contribution under ERISA).

Although this area of the law is fraught with uncertainty, what is clear is that a starting point for determining whether there is a right to contribution, if such a right exists, may depend upon whether a party is a co-fiduciary or non-fiduciary under ERISA. *Compare*

12

*McDannold*, 261 F.3d at 486 *with May*, 390 F.Supp.2d at 677.  A party is a fiduciary under ERISA if it exercises any of the functions of a fiduciary under 29 U.S.C. § 1002(21).  *See Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir. 1988).  In addition, a party may be a fiduciary if it is delegated responsibility by a fiduciary or "exercises discretionary control or authority over the plan's management, administration, or assets." *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 252-53 (1993).  *See also Landgraff v. Columbia/HCA Healthcare Corp. of Am.*, No. 3-98-0090, 2000 WL 33726564 (M.D. Tenn. May 24, 2000).  The exercise of discretion over the plan's management is the "*sine qua non* of fiduciary status." *Hamilton v. Carell*, 243 F.3d 992, 998 (6th Cir. 2001) (citing *Pohl v. Nat'l Ben. Consultants*, 956 F.2d 126, 129 (7th Cir. 1992).  A third party claims administrator is not a fiduciary absent a showing that it exercises some discretionary authority.  *See Mich. Affiliated Healthcare v. CC Sys.*, 139 F.3d 546, 549-50 (6th Cir. 1998).

At oral argument, third-party plaintiff characterized third-party defendant as a co-fiduciary based upon the factual allegations in the third-party complaint.  On the other hand, third-party defendant, pointing to the same factual allegations as well as the plan documents, contended that it was a non-fiduciary.  The parties' dispute over this issue, which is probably a starting point to the determination of whether a right of contribution exists under ERISA, suggests to the Court that it should not grant third-party defendant's motion to dismiss for failure to state a claim.

The Sixth Circuit's handling of *McDannold* is instructive, even though it did not decide the contribution issue.  In remanding the issue to the district court, the Sixth Circuit

13

left the door open to a claim for contribution by stating that it was "loathe to undertake this inquiry now, as significant factual questions remain." *McDannold*, 261 F.3d at 487. The same is true in this case. Since, viewing the facts in the light most favorable to third-party plaintiff, there *may* be some set of facts under which third-party plaintiff could recover because a right to contribution *might* exist under ERISA, *see id.* at 486, the Court will deny third-party defendant's motion to dismiss the third-party complaint pursuant to Rule 12(b)(6). *See Buchanan*, 249 F.3d at 489.

## III. Conclusion

For the foregoing reasons, the Court will grant the motion to amend the complaint, and plaintiffs' amendments will relate back to the filing of the original complaint. The Court will also grant in part the motions to dismiss the complaint, and plaintiffs' claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) will be dismissed. Finally, the Court will deny the motion to dismiss the third-party complaint.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE